**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4398**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

TERRENCE JOHNSON, a/k/a Freak,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. Gina M. Groh, District Judge. (3:12-cr-00049-GMG-DJJ-1)

_____

Submitted: October 31, 2013     Decided: November 21, 2013

_____

Before MOTZ, GREGORY, and FLOYD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Nicholas J. Compton, Assistant Federal Public Defender, Kristen M. Leddy, Research and Writing Specialist, FEDERAL PUBLIC DEFENDER'S OFFICE, Martinsburg, West Virginia, for Appellant. William J. Ihlenfeld, II, United States Attorney, Paul T. Camilletti, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terrence Johnson was convicted by a jury of four counts of distributing crack cocaine and heroin, 21 U.S.C. § 841(a)(1) (2006). Based on testimony presented at Johnson's trial, the district court found that Johnson was responsible for a total of 196 to 280 grams of crack cocaine, resulting in a base offense level of 30. See U.S. Sentencing Guidelines Manual ("USSG") § 2D1.1(c)(5) (2012). After a two-level enhancement for possession of a firearm, USSG § 2D1.1(b)(1), Johnson's total offense level was 32. With a criminal history category of II, Johnson's advisory Guidelines range was 135-168 months' imprisonment. The court imposed a sentence of 135 months. Johnson appeals, claiming that his sentence is unreasonable because the drug weights used in determining relevant conduct should be limited to the amounts included in the counts of conviction and because it was based on the testimony of unreliable witnesses. We affirm.

We review a sentence for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id.; see United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). In determining the procedural reasonableness of a sentence, this court considers whether the district court properly calculated

2

the defendant's Guidelines range, treated the Guidelines as advisory, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Gall, 552 U.S. at 51. A sentence imposed within the properly calculated Guidelines range is presumed reasonable by this court. See Rita v. United States, 551 U.S. 338, 347 (2007); United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010). "[A] defendant can only rebut the presumption by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006)(alteration in original).

Johnson argues that his sentence is unreasonable because the drug quantity attributed to him at sentencing included quantities beyond the counts of conviction and was based on the testimony of drug addicts. We review the district court's drug quantity finding for clear error. United States v. Kellam, 568 F.3d 125, 147 (4th Cir. 2009). In calculating drug amounts for sentencing purposes, "a sentencing court may give weight to any relevant information before it, including uncorroborated hearsay, provided that the information has sufficient indicia of reliability to support its accuracy." United States v. Wilkinson, 590 F.3d 259, 269 (4th Cir. 2010); see also United States v. Uwaeme, 975 F.2d 1016, 1019 (4th Cir.

3

1992) ("For sentencing purposes, hearsay alone can provide sufficiently reliable evidence of [drug] quantity."). Moreover, drug quantity determinations for sentencing purposes can include drugs not charged in the indictment. See USSG § 1B1.3(a)(2) (defining relevant conduct to include the defendant's acts and omissions "that were part of the same course of conduct or common scheme or plan as the offense of conviction"); United States v. Ellis, 975 F.2d 1061, 1067 (4th Cir. 1992).

In addition to the crack cocaine involved in the counts of conviction, the district court also found Johnson responsible for an additional quantity of drugs based on the testimony of three Government witnesses. Johnson argues that these findings were based largely on unreliable testimony of long-term drug abusers. However, after having occasion to observe the witnesses testify at trial, the district court specifically found their testimony credible. Witness credibility determinations are generally not reviewable on appeal, see United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989), and Johnson has failed to establish that any of the information relied upon by the district court was erroneous.

We find that Johnson's sentence is procedurally reasonable. We also find that he cannot overcome the presumption of reasonableness afforded his within-Guidelines sentence. See Rita, 551 U.S. at 356. Accordingly, we affirm.

4

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED